IN THE UNITED STATES DISTRICT COUR

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WINIFRED JIAU,

    Petitioner,

  v.

RANDY L. TEWS, Warden,

    Respondent.

No. C 13-4231 YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT**

Respondent moves to dismiss as moot Petitioner Winifred Jiau's petition for a writ of habeas corpus. Petitioner, who at the time she filed the instant petition was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), alleged that Respondent unlawfully denied her request for transfer to a Residential Re-entry Center ("RRC").[1] Petitioner sought an Order directing the BOP to immediately transfer her to an RRC, and requiring the BOP to consider the relevant statutory factors to determine the appropriateness of such a transfer. *See* Dkt. 1 at 1-2, 6.

On November 26, 2013, this Court issued an Order to show cause why the petition should not be granted. Dkt. 7.

On December 9, 2014, Petitioner moved to convert her petition to an action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). Dkt. 9. Respondent filed an opposition on January 6, 2014. Dkt. 10. Petitioner filed her reply on January 21, 2014. Dkt. 12.

On January 27, 2014, Respondent motion to dismiss the petition. Dkt. 13. On February 10, 2014, Petitioner filed her opposition to the motion. Dkts. 14, 17. On July 29, 2014, Respondent filed a reply to her opposition. Dkt. 19.

Respondent argues that at the time the petition was initially filed, Petitioner had already obtained the relief she was requesting: transfer to an RRC. *See* Dkt. 19 at 2 (citing Dkt. 9). Respondent now informs the Court that Petitioner has since been released from BOP custody. *Id.*

---

[1] RRCs are also known as community corrections centers or, colloquially, halfway houses.

1  Thus, Respondent argues that not only was the petition moot because Petitioner had received the
2  relief requested, but it is also moot because she is no longer in custody. *Id.*

3  Because Petitioner's release from BOP custody is a result more favorable than the relief
4  sought in the petition, there is no longer a live controversy before the Court. *See Mitchell v. Dupnik*,
5  75 F.3d 517, 528 (9th Cir. 1996). Accordingly, the Court GRANTS Respondent's motion to dismiss
6  the petition as moot. Dkt. 13.

7  Respondent also argues that the Court should deny Petitioner's motion to convert her petition
8  to a *Bivens* action because it is clear from the record that Petitioner filed the instant action *prior to*
9  exhausting administrative remedies as to any challenges to the condition, or in this situation, the
10 *location* of her confinement. *See* Dkt. 13 at 9-12; Dkt. 14. at 7. This Court agrees with Respondent.
11 Federal prisoners suing under *Bivens*, must first exhaust inmate grievance procedures just as state
12 prisoners must exhaust administrative processes before instituting a section 1983 suit. *See Porter v.*
13 *Nussle*, 534 U.S. 516, 524 (2002). The record shows that Petitioner filed the instant action *prior to*
14 exhausting her administrative remedies; therefore, even if this action was converted to a *Bivens*
15 action it would have been dismissed as unexhausted. Accordingly, Petitioner's motion to convert
16 her petition to a *Bivens* action is DENIED. Dkt. 9. This denial is without prejudice to Petitioner
17 filing a new *Bivens* action alleging her claims if she still wishes to pursue them.[2]

18 The Clerk of the Court shall enter judgment for Respondent, terminate all other pending
19 motions as moot, including all her irrelevant motions dealing with the Court's e-filing requirements
20 (which she did not have to abide by as she was a *pro se* petitioner) (Dkts. 11, 15, 16), and close the
21 file.

22 This Order terminates Docket Nos. 9, 11, 13, 15, and 16.

23 IT IS SO ORDERED.

24 DATED:     August 28, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[2] Compared to the $5.00 filing fee in habeas actions such as the instant action, the filing fee for a civil rights action is $400.00. Petitioner must be prepared to pay the filing fee, or file an application for leave to proceed *in forma pauperis* ("IFP"), before her new action can proceed.