UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED JIAU,<br><br>        Petitioner,<br><br>    v.<br><br>RANDY L. TEWS, Warden,<br><br>        Respondent. | Case No. 13-cv-04231-YGR (PR)<br><br>**ORDER DIRECTING PETITIONER TO FILE NOTICE OF INTENT TO PROSECUTE THIS ACTION AS A CIVIL RIGHTS ACTION WITH $400.00 FILING FEE; AND ADDRESSING HER PENDING MOTIONS** |

I.   **BACKGROUND**

Petitioner Winifred Jiau filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241. Petitioner, who at the time she filed the instant petition was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), alleged that Respondent unlawfully denied her request for transfer to a Residential Re-entry Center ("RRC"). Petitioner sought an Order directing the BOP to immediately transfer her to an RRC, and requiring the BOP to consider the relevant statutory factors to determine the appropriateness of such a transfer. *See* Dkt. 1 at 1-2, 6.

On November 26, 2013, this Court issued an Order to show cause why the petition should not be granted. Dkt. 7.

On December 9, 2014, Petitioner moved to convert her petition to an action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). Dkt. 9.

On January 27, 2014, Respondent filed a motion to dismiss the petition. Dkt. 13. Respondent argued that at the time the petition was initially filed, Petitioner had already obtained the relief she was requesting: transfer to an RRC. *See* Dkt. 19 at 2 (citing Dkt. 9). Respondent then informed the Court that Petitioner had been released from BOP custody. *Id.*  Thus, Respondent argued that not only was the petition moot because Petitioner had received the relief requested, but it was also moot because she was no longer in custody. *Id.*

In an Order dated August 28, 2014, the Court granted Respondent's motion to dismiss the

petition as moot. Because Petitioner's release from BOP custody was a result more favorable than the relief sought in the petition, the Court found that there was no longer a live controversy before it. Dkt. 23 at 2 (citing *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996)). Also in its August 28, 2014 Order, the Court denied Petitioner's motion to convert her petition to a *Bivens* action upon determining that she filed the instant action prior to exhausting administrative remedies. *Id.* (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

On November 23, 2015, this case was reopened when the Ninth Circuit reversed this Court's ruling relating to Petitioner's motion to convert her petition to a *Bivens* action.[1] *See Jiau v. Tews*, No. 14-16706, slip op. at 2-3 (9th Cir. Nov. 23, 2015). Because the record was not fully developed, the Ninth Circuit stated that it could not determine "whether the district court properly denied the motion to convert based on [Petitioner's] failure to exhaust." *Id.* The Ninth Circuit thus vacated "the portion of the judgment denying [Petitioner's] motion to convert and remand[ed] for further proceedings, including, if necessary, further development of the record as to whether the government sought an extension [to file a response to the grievance] and whether [Petitioner] received notice of an extension." *Id.*

On January 19, 2016, the Ninth Circuit issued its mandate. Dkt. 31.

**II.  DISCUSSION**

   **A.  Filing Fee Issue**

Before the Court reconsiders Petitioner's motion to covert the instant habeas action to a civil rights action pursuant to *Bivens*, it needs to first address a filing fee issue.

The filing fee for a civil rights action is $400.00. Because Petitioner originally filed this case as a habeas corpus action with a $5.00 filing fee, her *in forma pauperis* ("IFP") application was granted in the Court's November 26, 2013 Order to Show Cause. Dkt. 7.

Should Petitioner choose to pursue this action as a civil rights case, then the Court will revoke its November 26, 2013 Order granting Petitioner's IFP application and deny said application without prejudice to Petitioner (1) paying the full $400.00 filing fee, or (2) filing

---

[1] The Ninth Circuit did not reverse the portion of this Court's judgment dismissing Petitioner's 28 U.S.C. 2241 petition as moot.

2

another IFP application, but this time a *non-prisoner* IFP application because she is no longer in custody.

For this reason, no later than **twenty-eight (28) days** from the date of this Order, the Court directs Petitioner to file a notice of intent to prosecute this action as a civil rights action with the higher filing fee of $400.00. If Petitioner files her intent to prosecute this action as a civil rights action, then in order for this action to proceed as such, she must be prepared to either pay the full $400.00 filing fee, or file a non-prisoner application for leave to proceed IFP if the Court so instructs her to do so after it reconsiders Petitioner's motion to covert.

### B. Petitioner's Pending Motions

Before the Court are Petitioner's "Motion for Permission for Electronic Case Filing" and "Motion for Exemption from Payment of the Electronic Public Access Fees." Dkts. 28, 29. Respondent does not oppose Petitioner's aforementioned motions. Dkt. 30.

ECF is the acronym for Electronic Case Filing, a filing system that allows parties to file and serve documents electronically. PACER is the acronym for Public Access to Court Electronic Records, the system used to view case dockets and documents that have been electronically filed. Petitioner has filed a request to use the Court's ECF system. Dkt. 28. Meanwhile, the Court construes Petitioner's second motion as a request that the fees for PACER be waived. Dkt. 29.

For the reasons explained below, the Court GRANTS Petitioner's request to use the ECF system and have this case designated as an electronic case filing ("e-filing") action (dkt. 28), but DENIES Petitioner's request to waive the fees for using PACER (dkt. 29).

This case is now designated as an e-filing action. If she has not already done so, Petitioner should consult the Court's public website, www.cand.uscourts.gov, click on the "CM[2]/ECF" link, and register herself if she has the necessary computer and internet access equipment. Because this case is now designated as an e-filing action, all documents (orders and motions) will be served on Petitioner only electronically (and no paper copy will be sent to her) and all her documents must be filed electronically. As an e-filing litigant, Petitioner may view and download any order file by

---

[2] CM is the acronym for Case Management.

the Court or any motion filed by an opponent in the case once without charge. There are no fees to be waived for participation in the e-filing program. Petitioner is responsible for making sure that her e-filed documents are successfully filed. Her response to this Order should be e-filed, which will provide her a good opportunity to see if she can successfully e-file documents.

The cost of using PACER is very modest, i.e., ten cents per page to download documents, with a maximum of $3.00 per document. Because this case has not until now been designated an e-filing action, Petitioner has received a paper copy of every order in this case. When she is an e-filing litigant (as mentioned in the previous paragraph), she will be able to download one copy of any order or motion without charge. PACER apparently would be of value primarily to look at case files where she is not a litigant or at least is not in the e-filing program. PACER's very modest payment structure exists because there are some costs associated with operating the system, as explained on the PACER website. Petitioner has not shown why she needs free access to PACER under the circumstances, and the Court will not give her *carte blanche* to access through PACER the documents filed not only in her case but in thousands of cases throughout the federal court system. Whether using it for free or by paying the modest cost normally associated with it, using PACER would do nothing to expedite the administration of justice in her action. For these reasons, the request for the waiver of PACER fees is DENIED. Dkt. 29.

### III.  CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. No later than **twenty-eight (28) days** from the date of this Order, Petitioner shall file a notice of intent to prosecute this action as a civil rights action with the higher filing fee of $400.00. If Petitioner fails to file a timely notice of intent to prosecute, then in light of her *pro se* status, she may be given another opportunity to submit her notice. At that time, the Court will issue another Order with a new deadline.

2. Petitioner's "Motion for Permission for Electronic Case Filing" is GRANTED. Dkt. 28. This case is now designated as an e-filing action.

3. Petitioner's "Motion for Exemption from Payment of the Electronic Public Access Fees," which has been construed as a request for the waiver of PACER fees, is DENIED. Dkt. 29.

4

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. This Order terminates Docket Nos. 28 and 29.

IT IS SO ORDERED.

Dated: March 28, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge