UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED JIAU,<br><br>    Petitioner,<br><br>v.<br><br>RANDY L. TEWS, Warden,<br><br>    Respondent. | Case No. 13-cv-04231-YGR (PR)<br><br>**ORDER DIRECTING RESPONDENT TO PROVIDE FURTHER DEVELOPMENT OF RECORD** |

This action was originally filed as a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241. Petitioner Winifred Jiau, who at the time she filed the instant petition was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), alleged that Respondent unlawfully denied her request for transfer to a Residential Re-entry Center ("RRC"). Petitioner sought an Order directing the BOP to immediately transfer her to an RRC, and requiring the BOP to consider the relevant statutory factors to determine the appropriateness of such a transfer. *See* Dkt. 1 at 1-2, 6.

On November 26, 2013, this Court issued an Order to show cause why the petition should not be granted. Dkt. 7.

On December 9, 2014, Petitioner moved to convert her petition to an action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). Dkt. 9.

On January 27, 2014, Respondent filed a motion to dismiss the petition. Dkt. 13. Respondent argued that at the time the petition was initially filed, Petitioner had already obtained the relief she was requesting: transfer to an RRC. *See* Dkt. 19 at 2 (citing Dkt. 9). Respondent then informed the Court that Petitioner had been released from BOP custody. *Id.* Thus, Respondent argued that not only was the petition moot because Petitioner had received the relief requested, but it was also moot because she was no longer in custody. *Id.*

In an Order dated August 28, 2014, the Court granted Respondent's motion to dismiss the petition as moot. Because Petitioner's release from BOP custody was a result more favorable than

the relief sought in the petition, the Court found that there was no longer a live controversy before it. Dkt. 23 at 2 (citing *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996)). Also in its August 28, 2014 Order, the Court denied Petitioner's motion to convert her petition to a *Bivens* action upon determining that she filed the instant action prior to exhausting administrative remedies. *Id.* (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Thereafter, this case was reopened when the Ninth Circuit reversed this Court's ruling relating to Petitioner's motion to convert her petition to a *Bivens* action.[1] *See* Dkt. 27. Because the record was not fully developed, the Ninth Circuit stated that it could not determine "whether the district court properly denied the motion to convert based on [Petitioner's] failure to exhaust." *Id.* at 2-3. The Ninth Circuit thus vacated "the portion of the judgment denying [Petitioner's] motion to convert and remand[ed] for further proceedings, including, if necessary, further development of the record as to whether the government sought an extension [to file a response to the grievance] and whether [Petitioner] received notice of an extension." *Id.* at 3. The Ninth Circuit has since issued its mandate. Dkt. 31.

Before the Court is Petitioner's motion for leave to proceed *in forma pauperis*, which the Court construes to be her notice of intent to prosecute this action as a civil rights action with the higher filing fee of $400.00. Dkt. 33. Prior to the Court ruling on the aforementioned motion or reconsidering Petitioner's motion to covert the instant habeas action to a civil rights action pursuant to *Bivens*, it must first direct Respondent to provide further development of the record as to Petitioner's failure to exhaust her administrative remedies. Specifically, Respondent shall address and provide further briefing as to whether the government sought an extension to file a response to the grievance and whether Petitioner received notice of an extension. *See* Dkt. 27 at 3.

No later than **twenty-eight (28) days** from the date of this Order, Respondent shall provide the aforementioned further briefing and may also file a renewed motion to deny Petitioner's motion to convert her petition to a *Bivens* action (if Respondent believes that it is clear from the record that Petitioner filed the instant action prior to exhausting administrative remedies). If

---

[1] The Ninth Circuit did not reverse the portion of this Court's judgment dismissing Petitioner's 28 U.S.C. 2241 petition as moot.

2

Respondent files a renewed motion, Petitioner shall file a response to that renewed motion no later than **twenty-eight (28) days** of the filing of the renewed motion.  Respondent shall file a reply to Petitioner's response no later than **fourteen (14) days** of the filing of the response.

IT IS SO ORDERED.

Dated:  November 23, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge