UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED JIAU,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY L. TEWS,<br><br>    Defendant. | Case No. 13-cv-04231-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

In this *pro se Bivens*[1] action, Plaintiff has filed a motion entitled "Plaintiff's Request for Reconsideration of the Order of Dismissal,"[2] in which she requests for the Court to either "reconsider the order of dismissal or, in the alternative, leave to file a second amended complaint to cure all pleading defects in the original complaint . . . ." Dkt. 41 at 7. The Court construes the aforementioned filing as a motion for leave to file a second amended complaint ("SAC").

A plaintiff may amend her complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

The Court notes that the defendant in this action has not been served at this time. Plaintiff may as a matter of course amend her complaint because a responsive pleading has not yet been served. *See* Fed. R. Civ. P. 15(a). While Plaintiff has previously filed an Amended Complaint (dkt. 40), the Court finds that it is in the interests of justice to allow Plaintiff to amend her

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] The Court notes that its previous Order was entitled, "Order Granting Request to Convert Case into *Bivens* Action; and Dismissing Claims *With Leave to Amend*." Dkt. 38 at 1 (emphasis added).

complaint a second time. *See Janicki Logging Co.*, 42 F.3d at 566.

Accordingly, Plaintiff's motion for leave to file a SAC is GRANTED. Dkt. 41. At this time, the pending Amended Complaint, dkt. 40, is no longer the operative complaint in this action.

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff shall file her SAC. Plaintiff shall refer to the Court's August 15, 2017 Order Granting Request to Convert Case into *Bivens* Action; and Dismissing Claims With Leave to Amend, *see* Dkt. 38, which indicates that "although she has been given the opportunity to amend, it is not for the purposes of adding new claims," *id.* at 14 (citing *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Plaintiff should read the Court's August 15, 2017 Order carefully and focus her efforts on curing the deficiencies set forth in that order. If Plaintiff wishes to raise new claims, she may do so in a *separate new Bivens action.* Finally, Plaintiff must clearly state in her SAC what relief she is seeking. She must keep in mind that the only available relief in a *Bivens* action is an award of money damages for any injuries caused by a defendant acting in his or her individual capacity. *See Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093-96 (9th Cir. 2016). Plaintiff may state a claim for monetary damages against individual federal officers, only if she is able identify which officers are responsible for the alleged constitutional violations and link any named defendants to such violations.

Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 13-4231 YGR (PR)—on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the SAC completely replaces the original and amended complaints, Plaintiff must include in it all the claims she wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). She may not incorporate material from either the original or amended complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, she shall maintain the same format as the form. Plaintiff's SAC shall not exceed **forty (40) pages** in length. **Plaintiff's failure to file her SAC by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined in the Court's August 15, 2017 Order will result in the dismissal of this action without prejudice.**

1  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

This Order terminates Docket No. 41.

IT IS SO ORDERED.

Dated: January 19, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge