UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED JIAU,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY L. TEWS,<br><br>    Defendant. | Case No. 13-cv-04231-YGR (PR)<br><br>**ORDER REOPENING ACTION; AND GRANTING PLAINTIFF LEAVE TO AMEND HER DELIBERATE INDIFFERENCE CLAIM** |

This action originally was filed by Winifred Jiau, a former federal prisoner, as a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Plaintiff, who at the time she filed the instant action was an inmate in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Corrections Institute in Dublin, California ("FCI-Dublin"), alleged that she was unlawfully denied her request for transfer to a Residential Re-entry Center ("RRC")[1] on December 3, 2012. The Court notes that Plaintiff was eventually placed in an RRC around a year later, on December 23, 2013. Dkt. 48 at 10.[2] She has since been released from BOP custody, as of June 2014. *Id.* at 1.

In an Order dated August 15, 2017, the instant action was converted into a *pro se* action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Dkt. 38. Plaintiff had also raised a deliberate indifference claim in violation of the Eighth Amendment based on the denial of her RRC transfer request and a First Amendment claim that such a denial was the result of retaliation by Defendant due to her previous lawsuits. Dkt. 48 at 16-19. However, the Court dismissed both claims with prejudice in its August 15, 2017 Order. *See* Dkt. 38 at 8-9, 13-14. The Court also specified that it granted Plaintiff "an opportunity to amend [her] claims relating to the following: Due Process, Equal Protection, and Ex Post Facto Clauses." *Id.* at 14.

---

[1] Some RRCs are colloquially known as halfway houses.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

1    Thereafter, Plaintiff filed her second amended complaint (the operative complaint), in
2  which she named Defendant Randy L. Tews, who is the warden at FCI-Dublin. Dkt. 48 at 2.
3  Plaintiff sought monetary damages. *Id*. at 20.
4    In an Order dated March 28, 2019, the Court granted Defendant's pending dispositive
5  motion on the remaining claims relating to the Due Process, Equal Protection, and Ex Post Facto
6  Clauses, which was treated as one for summary judgment. Dkt. 65. Plaintiff appealed. Dkt. 67.
7    On appeal, the Ninth Circuit, in an opinion filed July 20, 2020, affirmed the Court's ruling
8  on the claims relating to the Due Process, Equal Protection, and Ex Post Facto Clauses as well as
9  on the dismissal of the deliberate indifference and retaliation claims, but reversed and remanded as
10 to the denial of leave to amend the deliberate indifference claim. *See* Dkt. 69, *Jiau v. Tews*, No.
11 19-15825, slip op. at 4 (9th Cir. July 20, 2020). Specifically, the Ninth Circuit found "the district
12 court abused its discretion by denying [Plaintiff] leave to amend her deliberate indifference claim
13 because it is not absolutely clear that the claim cannot be cured by amendment." *Id.* (citing *Akhtar
14 v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se*
15 complaint without leave to amend unless it is absolutely clear that the deficiencies of the
16 complaint could not be cured by amendment.")). The mandate issued on September 11, 2020.
17 Dkt. 70.
18    Accordingly, the Clerk of the Court is hereby directed to REOPEN the instant action, and
19 Plaintiff is granted leave to amend her deliberate indifference claim that was dismissed on August
20 15, 2017.
21    The Court includes the following background and analysis relating to the deliberate
22 indifference claim at issue from its August 15, 2017 Order:

> The Eighth Amendment protects prisoners from inhumane methods of punishment and conditions of confinement. *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal, civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).
>
> A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively,

2

sufficiently serious, *see Farmer v. Brennan,* 511 U.S. 825, 834 (9th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); and (2) the prison official must possess a sufficiently culpable state of mind, *see id.* (citing *Wilson,* 501 U.S. at 297). In prison-conditions cases, the necessary state of mind is one of "deliberate indifference," i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 834, 837. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See id.* at 837. In determining whether the objective component has been met, the Court must focus on discrete and essential human needs such as health, safety, food, and warmth. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Courts may not find Eighth Amendment violations based on the "totality of conditions" at a prison, but instead should require evidence of specific conditions amounting deprivations of essential food, medical care, sanitation, and safety. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 n.3 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 481-84 (1995).

Here, Plaintiff does not allege that she was denied the minimal, civilized measure of life's necessities. Nor does she provide evidence of deprivations of any of the aforementioned categories. Rather, she complains of being denied a particular prison transfer. Plaintiff cannot state an Eighth Amendment claim on these grounds, because the deprivation complained of is not sufficiently extreme. *Cf. Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (Prisoners have no constitutional right to incarceration in a particular institution.); *see also Tyler v. Coggins*, 2012 WL 285023, *2 (E.D. Cal. Jan. 31, 2012) (finding denial of requested RRC transfer did not constitute sufficiently serious deprivation to satisfy first element of Eighth Amendment claim); *Seidenfeld v. Rosales*, 2011 WL 835782, *2 (C.D. Cal. Jan. 20, 2011) (finding denial of entry into RDAP did not amount to adequate deprivation with regard to Eighth Amendment claim).

Accordingly, Plaintiff's Eighth Amendment claim is DISMISSED WITH PREJUDICE, because refusing a requested RRC transfer cannot constitute a serious deprivation sufficient to satisfy the first element of Plaintiff's Eighth Amendment claim.

Dkt. 38 at 8-9.

Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file her third amended complaint in which she may amend *only* her deliberate indifference claim, if she can correct the deficiencies as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 13-4231 YGR (PR)—on the form, clearly label the complaint "Third Amended Complaint," and complete all sections of the form. Because the third amended complaint completely replaces the previously-filed complaints, Plaintiff must include in it all the allegations as to the deliberate indifference claim she wishes to present. *See Ferdik v.*

3

1 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  She may not
2 incorporate material from the previously-filed complaints by reference.  If Plaintiff wishes to
3 attach any additional pages to the civil rights form, she shall maintain the same format as the form.
4 **Plaintiff's failure to file her third amended complaint containing *only* her amended**
5 **deliberate indifference claim by the twenty-eight-day deadline or to correct the**
6 **aforementioned deficiencies outlined above as to the deliberate indifference claim will result**
7 **in the dismissal of this action without prejudice.**

8 It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed
9 of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to
10 Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an
11 action is pending must file a notice of change of address promptly specifying the new address.  *See*
12 L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the
13 *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails
14 to receive within sixty days of this return a written communication from the *pro se* party
15 indicating a current address.  *See* L.R. 3-11(b).

16 IT IS SO ORDERED.

17 Dated:  October 6, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

4